# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

PAWS UP RANCH, LLC, and CAMEL, LLC,

                    Plaintiffs,

       v.

JONATHAN B. MARTIN,

                  Defendant.

Case No. 2:18-cv-01101-RFB-GWF

**DISCOVERY ORDER**

Before the Court is the Supplement to Plaintiffs' Countermotion for Protective Order.  ECF Nos. 37, 38.  The Court finds that compelled discovery of Nadine Lipson's tax returns under Rule 34 is improper, but that discovery may ensue pursuant to a subpoena under Rule 45.

On January 7, 2019, the Court granted in part Defendant's Motion to Compel Written Discovery Responses.  The Court found that Defendant had raised serious factual issues as to whether Nadine Lipson had misrepresented her residency to this Court in her Emergency Motion to Remand.  Specifically, the Court found that Nadine Lipson had represented to the Court in a signed declaration that she has "lived in and called Montana [her] home for more than 20 years" and that she had "filed Montana tax returns for the past 20 years," yet she had also represented in a sworn affidavit in a matter before the District of Montana in 2013 that she is a citizen of Nevada and that she filed a non-resident 2012 Montana tax return claiming Nevada as her state of domicile.  Compare ECF No. 5-2 with ECF No. 10-8.  The Court has not found at this time that Nadine Lipson has intentionally deceived the Court.  However, the Court has found that these statements are at least misleading and that further clarification could reasonably impact the Court's determination of the motion for attorneys' fees.

Only Nadine Lipson's residency in 2018 is relevant to this Court's subject matter jurisdiction in this diversity matter, as Plaintiff LLCs are majority owned by Nadine Lipson and this action was filed in 2018. See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570 (2004) (explaining diversity jurisdiction depends on citizenship at the time of filing). However, the Court found that prior years of tax returns are also relevant to this matter due to Defendant's pending Motion for Attorneys' Fees. ECF No. 14.

The Court may award attorneys' fees to Defendant where Plaintiffs have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." F. D. Rich Co. v. U. S. for Use of Indus. Lumber Co., 417 U.S. 116, 129 (1974). The Court finds that the tax returns dating back to 2012, which is the tax return Nadine Lipson referenced in her 2013 declaration, are material and relevant to the Court's determination of potential attorneys' fees. Because there is evidence that Nadine Lipson may have misstated her residency on one or more occasions in various court filings, whether intentionally or unintentionally, these returns are material to the Court's inquiry regarding an award of fees.

However, upon consideration of the Supplement to Plaintiffs' Countermotion for Protective Order, ECF Nos. 37, 38, the Court agrees with Plaintiffs that it lacks the authority to compel Nadine Lipson's tax returns under Rule 34. Rule 34 applies to parties. Fed. R. Civ. P. 34. Despite Nadine Lipson's 99% ownership of both Plaintiffs, Nadine Lipson as an individual is not a party to this case. Plaintiff entities cannot be expected to have ownership or access to Nadine Lipson's personal tax returns.

The Court therefore agrees that discovery on nonparty Nadine Lipson must occur through subpoena in accordance with Rule 45. Rule 45 allows for a nonparty to be compelled to produce documents if the Court determines such documents to be material and relevant. Fed. R. Civ. P. 45. The Court has made such a finding with respect to the tax returns at issue. The Court thus authorizes the Plaintiff to issue a subpoena to Nadine Lipson for her Montana state tax returns

from tax years 2012 to 2018. However, any response to this subpoena must first be viewed by the Court *in camera* prior to any potential release to Defendants.

Therefore,

**IT IS ORDERED** that the Court's January 7, 2019 Order that Plaintiff shall provide Nadine Lipson's redacted tax returns under seal to this Court by January 25, 2019 is **VACATED**.

**IT IS FURTHER ORDERED** that Defendant may serve a subpoena consistent with Rule 45 upon Nadine Lipson for her Montana state tax returns from tax years 2012 to 2018. The response to this subpoena must be sent to this Court for *in camera* review prior to being produced to the Defendant.

DATED: January 23, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**